```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

TCYK, LLC,                     )
                               )
          Plaintiff,           )
                               )
     vs.                       )  Case No. 13 C 3840
                               )
DOES 1-113,                    )  Judge Elaine E. Bucklo
                               )
          Defendants.          )  Mag. Judge Sydney I. Schenkier
```

**MOTION OF DEFENDANT DOE NO. 92 TO VACATE, OR IN THE ALTERNATIVE, TO QUASH OR MODIFY SUBPOENA AND TO SEVER**

NOW COMES presumptive Defendant Doe No. 92, by and through her attorney, John E. Partelow, and moves this Honorable Court, pursuant to Rules 20, 21 and 45 of the Federal Rules of Civil Procedure, for the entry of an order vacating the order entered on June 27, 2013 (Docket Entry No. 13), or, in the alternative, quashing or modifying the subpoena previously issued pursuant to that order and for severance, and in support thereof states as follows:

**A.   Background**

1.   The plaintiff filed this copyright infringement action, and 15 identical actions, in this district on May 23, 2013.  As it has in each of the other fifteen identical actions filed simultaneously, plaintiff has named only unidentified "Doe" defendants, in this case there are 113 unidentified Doe" defendants. In the sixteen actions filed by plaintiff in this district on May 23, 2013 there are a total of 1,165 unnamed "Doe"

defendants. Movant is a presumptive "Doe" defendant.

2. On June 12, 2013, prior to serving any defendant in this action, plaintiff filed a motion seeking leave to take discovery prior to the Rule 26(f) conference. Specifically, plaintiff sought leave to issue subpoenas to certain Internet Service Providers ("ISP") which it had allegedly identified as providing internet access to the alleged Doe defendant infringers. Those subpoenas sought the names, addresses, telephone numbers, e-mail addresses and media access control numbers ("MAC") for the alleged infringers' devices. That motion was heard ex parte and on June 27, 2013, this Court entered an order granting plaintiff's motion for leave to take early discovery.

3. Pursuant to the Court's June 27, 2013 order granting plaintiff leave to conduct early discovery, plaintiff issued one or more subpoenas to certain Internet Service Providers ("ISPs"). Movant first learned of the existence of this lawsuit and the subpoena seeking movant's name, address, telephone number, e-mail address and MAC, through receipt of a letter from its ISP. Movant Doe No. 92 now moves the court, pursuant to Rule 45, to vacate the court's order of June 27, 2013, to quash or modify the subpoena issued by plaintiff to movant's ISP and for severance.

4. The 113 "Doe" defendants in this action, of which plaintiff is one, have been joined as defendants in this action because of their alleged joint participation in a BitTorrent swarm. Plaintiff alleges that the Doe defendants improperly downloaded the

copyrighted work at issue in like manner as part of the swarm and that those actions were part of the same transaction or occurrence or series of transactions or occurrences.

5. Recently, in Illinois and around the country, mass copyright infringement litigation targeting the participants in BitTorrent swarms has become a frequent tactic. The joining of large groups of Doe litigants has been commonly referred to as swarm joinder. Many courts, including those in Illinois, have addressed swarm joinder and many have found the tactic improper. See, *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at 4-5. Movant Doe 92 asserts that it and the other 112 Doe defendants have been misjoined in this action and that plaintiff should not have been granted leave to conduct early discovery in this case. Therefore the court's order of June 27, 2013 should be vacated and the subpoena issued pursuant to that order should be quashed or, in the alternative, modified.

### B. Plaintiff Should Not Have Been Granted The Right To Conduct Early Discovery And That Order Should Be Vacated

6. Plaintiff filed its motion seeking leave to conduct early discovery and presented to the court ex parte. Plaintiff did not make a showing sufficient to justify early discovery and the court's order of June 27, 2013 should be vacated and plaintiff's motion for leave to conduct early discovery denied. Rule 26 (d) of the Federal Rules of Civil Procedure provides:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure un Rule

>26(a)(1)(B), or when authorized under these rules, by stipulation, or by court order.
>Fed. R. Civ. P. 26(d)(1)

A party must make a showing of good cause in order to conduct discovery prior to a Rule 26(f) conference. *Hard Drive Prods., Inc. V. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). A showing of good cause is particularly important when a plaintiff, as here, sues an internet user for illegally downloading copyrighted material. First, the increasing ubiquity of wireless networks undermines the copyright holder's assumption that the ISP subscriber is the copyright infringer. See *In Re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at 3(stating that, because of the increasing use of wireless routers, by which one IP address can support multiple devices, the downloader could be the subscriber's family member, friend, visitor, neighbor or even a passerby); *Digital Sin, Inc. V Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y Jan. 30, 2012(noting that the risks that many of the names and addressees produced [by the ISP] ... will not in fact be those of the [infringers}, given the estimate by "plaintiff's counsel ... that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material"); *VPR Int'l v. Does 1-1017*, No. 11-2068, 2011 WL 8179128 at 2 (C.D. Ill. Apr. 29, 2011)("The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."). Second, given the recent proliferation of so-

called copyright trolls - plaintiffs who file multitudes of copyright suits solely to extort quick settlements - courts are required to ensure that the litigation process and the court's scarce resources are not being abused. *TCYK, LLC v. Does 1-88*, 1:13-cv-3828 (N.D. Ill., June 24, 2013)(Guzman, R.) Citing Sean D. Karunaratne, *The Case Against Combatting BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283 (Nov. 2012; James DiBriyn, *Shedding Light On Copyright Trolls: An Analysis Of Mass Copyright Litigation In The Age Of Statutory Damages*, 19 U.C.L.A. Ent. L. Rev. 79 (Winter 2012). Here, in its effort to obtain the identifying information for 113 internet service subscribers (for a single filing fee) from whom it can attempt to strongarm settlements, plaintiff has failed to make a sufficient showing of good cause that the identities it seeks likely belong to actual infringers. Under these circumstances, plaintiff has failed to make a showing of good cause and its request for early discovery should be denied and the court's June 27, 2013 order vacated.

### C. Even If The Court Believes A Sufficient Showing Of Good Cause For Early Discovery Has Been Made The Court Should Quash Or Limit The Scope Of The Subpoena

7. As discussed above, plaintiff seeks the name, address, telephone number, e-mail address and MAC of all 113 Doe defendants in this case. Discovery such as plaintiff seeks here is only appropriate when the information sought is "relevant to any party's claim or defense ... or reasonably calculated to lead to the

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). That is test is particularly important in a mass infringement case like the instant case. The subpoena served by plaintiff on Defendant Doe No. 92's ISP seeks the identifying and contact information of 113 individuals who are paying for internet service, for the purpose of adding them as defendants to this lawsuit. As discussed above, it is likely that many of those individuals, even most or all of them, are not the purported infringers. *Malibu Media LLC v. Reynolds*, 1:12-cv-6672 {ECF No. 51 at 13}. See also *VPR Internationale v Does 1-1017*, 2011 WL 8179128 (C.D. Ill. Apr 29, 2011). It is not a reasonable assumption that the individuals, including Defendant Doe No. 92, whose identities and contact information plaintiff seeks will possess relevant information regarding a proper infringing defendant. Therefore, the court should enter an order quashing the subpoena issued to Defendant Doe No. 92's ISP provider.

### D. If The Court Believes That Plaintiff's Subpoena Should Not Be Quashed It Should Limit The Information Obtainable To Name And Address

8. To the extent the court believes that the subpoena issued by plaintiff should not be quashed, it should limit the information obtainable from the ISP to the name and address of the individual. Such information is sufficient to serve the purported purpose for which it is sought, to add that individual as a party defendant to this lawsuit. In that event, the court should enter an order limiting, or partially quashing the subpoena, to the extent it

seeks and requires the production of any information about Does 1-113 other than their names and addresses.

### E. The 113 Doe Defendants Have Been Improperly Joined

9. Pursuant to Fed. R. Civ. P. 20, it is appropriate to join multiple defendants in a single action when:

> (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and
>
> (b) any question of law or fact common to all defendants will arise in the action.
> Fed. R. Civ. P. 20(a)(2)

Misjoinder occurs where the plaintiff fails to establish either of the requirements of Rule 20(a)(2). *X-Pays, Inc. v. Does 1-34*, 1:12-cv-928, 2013 WL 3467071 (S.D. Ill., July 9, 2013). Although plaintiff mimics the language of Rule 20(a)(2)(A) in paragraph 15 of its complaint by alleging that "each defendant participated in the same transaction, occurrence or series of transactions or occurrences as each defendant in the swarm", an examination of the complaint and the attached exhibits reveal that plaintiff has not, and cannot, establish that any two defendants simultaneously participated in the swarm. Multiple courts in all three Illinois districts have recently examined the joinder of large groups of defendants based on participation in a BitTorrent swarm that was not simultaneous. Multiple judges in all three Illinois districts have held that mass joinder was impermissible absent a showing of simultaneous swarm participation. *Malibu Media LLC v. Reynolds*, 1:12-cv-6672, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013); *Malibu Media*

*LLC v. John Does 1-21*, 1:12-cv-9656, 2013 WL 2458290 ((N.D. Ill., June 6, 2013)(Reinhard, P.); *Zambezia Film (PTY) Ltd. v. Does 1-33*, 1:13-cv-1323 and *Zambezia Film (PTY) Ltd. v. Does 1-60*, 1:13-cv-1741, 2013 WL 1181587 (N.D. ILL., March 20, 2013)(Shadur, M.); *In Re BitTorrent Copyright Infringement Cases*, 1:12-cv-1188 (ECF No. 32)(C.D. Ill., February 11, 2013)(disposing of joinder issue in 11 pending cases); *X-Pays, Inc. v. Does 1-34*, 1:12-cv-928, 2013 WL 3467071 (S.D. Ill., June 17, 2013). The above courts, and others within and outside Illinois, have repeatedly held that absent a showing of simultaneous participation in a swarm there is insufficient basis to support the allegation that defendants participated in the same transaction, occurrence or series of transactions or occurrences as required by Rule 20(a)(2)(A). Furthermore, it is clear that plaintiff cannot plead or prove that Defendant Doe No. 92 exchanged any part of the allegedly infringed work with any other defendant in this case, or that any of te defendants entered into any agreement or transaction with any other defendant. Neither the complaint or any of its exhibits, nor any of the other submissions by the plaintiff, supports the boilerplate allegations in paragraph 15 of the complaint. Joinder is improper here and the court should dismiss Doe No. 92, and all other Doe defendants but Doe No. 1.

### F. Even If The Court Believes Joinder Is Proper Under Rule 20, The Court Should Sever The Claims Against Does 2-113 Pursuant To Rule 21

10. Pursuant to Rule 21, the courts have broad discretion in

determining whether to sever. *Rice v. Sunrise Express, Inc.*, 209 F. 3d 1008, 1016 (7th Cir. 2006). The purpose of joinder is to maximize efficiency for both the parties and the court and avoid the unnecessary waste of judicial resources. Mass joinder in copyright infringement cases accomplishes none of those things. In fact, it does the exact opposite for the court and the pool of joined defendants, many, if not all of whom, will have and assert different defenses. As Northern District of Illinois' Judge Virginia M. Kendall noted in *Malibu Media v. Reynolds*:

> "The individual issues related to each Doe defendant's defense would wash away any judicial economy that may have been achieved through plaintiff's mass litigation strategy"

*Malibu Media LLC v. Reynolds*, 1:12-cv-6672, 2013 WL 870618 at 15. Rather than promote efficiency, joinder in this case in the manner the plaintiff seeks to proceed, will create a judicial quagmire for both the court and the defendants. Allowing the plaintiff to join 113 defendants, many or most of whom may not be copyright infringers at all, will unfairly impose costs, in time and money, on many innocent victims, creating an atmosphere where plaintiff can unfairly extort settlement money from defendants who should have never been sued in the first place. Such a practice serves only the interest of the plaintiff, who saves the substantial cost of having to pay for and prosecute an action against each individual defendant and unfairly creates settlement leverage against even innocent defendants. As the court stated in *Digital Sins, Inc. V. John Does 1-245:*

> "Trying 245 separate cases in which 245 different defendants would assert his own separate defenses under a single umbrella is unmanageable"

and further observed that "the only economy that litigating these cases as a single action would achieve is [the] economy to plaintiff...of not having to pay a separate filing fee for each action brought". *Digital Sins, Inc. v. John Does 1-245*, 11 C 8170, 2012 WL 1744838 at 3 (S.D.N.Y. May 15, 2012). Plaintiff should not be allowed to misuse Rule 20 in this way. Even if the court believes that joinder of the 113 Doe defendants here is permissible under Rule 20, it should exercise its discretion under Rule 21 and sever Does 2-113 from this action.

## **G. Conclusion**

11. For the above and foregoing reasons, and each of them, this Court should enter an order as follows: (A) vacating its June 27, 2013 order granting plaintiff leave to conduct early discovery, (B) quashing or modifying the subpoena(s) issued by plaintiff to the Doe defendants' ISP providers, (C) Severing and dismissing Doe defendant No. 92 and all of the remaining Doe defendants except Doe No. 1 and (D) Such other, further and different relief as the court deems just in the premises.

                                        Respectfully Submitted,
                                        DOE NO. 92

                                        By:____/s/ John E. Partelow_____
                                                  Its Attorney

John E. Partelow
Attorney for Defendant Doe No. 92
555 West Jackson Boulevard
Suite 700
Chicago, Illinois 60661
T: (312) 655-0837
F:(312) 922-0933